UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB C. BRIER,

    Plaintiff,

    v.

CENTURION HEALTH OF INDIANA, et al.,

    Defendants.

CASE NO. 3:25-CV-320-HAB-ALT

## OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, is proceeding in this case on seven claims against six defendants. ECF 7. As relevant here, Brier sued Westville Control Unit ("WCU") Complex Manager Tracy Cornett, Captain Jason Rippe, and Major Chad Cornett (collectively "the state defendants") for retaliating against him for filing an earlier lawsuit by (1) withholding a sleeping mat, (2) threatening him with extended confinement, and (3) encouraging inmates and guards to harass him, in violation of the First Amendment. *Id.* at 14-15.

The state defendants moved for summary judgment, arguing Brier did not exhaust his administrative remedies for these three claims before filing this lawsuit. ECF 31. The motion is now fully briefed and ripe for ruling. ECF 37, 38, 40. Because Brier has submitted enough evidence to raise a genuine dispute over whether his administrative remedies were exhausted, the motion will be denied.

### I.    Legal Standard

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable

[factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners cannot bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Still, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but whether the process was actually available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not

2

respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

## II. Discussion

The state defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF"), Brier's grievance records, and a copy of the Offender Grievance Process. They show that the Offender Grievance Process requires an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 31-2, at 3. Once an inmate submits a formal grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." *Id.* at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

The Grievance Specialist attests the grievance office "never received a grievance or any other notice from Brier" related to his claims that the state defendants retaliated against him for filing an earlier lawsuit by withholding a sleeping mat, threatening him with extended confinement, and encouraging inmates and guards to harass him. ECF 31-1, at 5-6. In response, Brier argues his administrative remedies were unavailable because he submitted a grievance related to his claims against the state defendants and followed up by submitting a written notification to the Grievance Specialist, but he never received any response from the grievance office to his grievance or his subsequent written notification.

Specifically, Brier attests and provides evidence he submitted a grievance through his mail bag on February 28, 2025 ("February 28 grievance"), in which he complained he was being "targeted by Major Cornett, Captain Rippe, and Mrs. Cornett because of a lawsuit I filed they are calling me snitches and threatening to tamper with my food." ECF 37-2, at 4, 9. Brier also claims that, after he received no receipt or response to his February 28 grievance, he submitted a written "Grievance Notice" to the Grievance Specialist notifying her that he filed the February 28 grievance and hadn't received any receipt or response. *Id.* at 4, 10. He includes a copy of this "Grievance Notice," and attests he never received any response to it from the Grievance Specialist. *Id.*

This evidence from Brier suggests he submitted a relevant grievance for which he never received any receipt or response from the grievance office and followed up by submitting a written notification to the Grievance Specialist. If true, Brier complied with the Offender Grievance Process, and the Grievance Specialist made Brier's administrative remedies unavailable by failing to respond to his grievance and his written notice. ECF 31-2, at 9. This in turn left him without any further available remedy to exhaust.[1]

The state defendants argue Brier's "Grievance Notice" does not create a genuine dispute because it is too vague, as it does not specifically reference his claims against the State Defendants or specifically name the Grievance Specialist. ECF 40, at 4, 6-7. But Brier's "Grievance Notice" specifically references his February 28 grievance, which related to his claims against the state defendants, and Brier attests he submitted this "Grievance Notice" to the Grievance Specialist. *See*

---

[1] The state defendants argue Brier still had an available administrative remedy to exhaust because after he submitted his written notification, he should have followed up by submitting a Level II appeal to the warden. ECF 40, at 5-6. But the Offender Grievance Process provides only that "If the offender receives no grievance response within twenty (20) business days *of the Offender Grievance Specialist's receipt of the grievance*, the offender may appeal as though the grievance had been denied." ECF 31-2, at 12. Here, because the Grievance Specialist attests she never received Brier's February 28 grievance, the Offender Grievance Process did not provide Brier with any available remedy to appeal his February 28 grievance.

4

ECF 37-2, at 4, 9-10. The Offender Grievance Process only instructed Brier to "notify the Offender Grievance Specialist" of the fact that he hadn't received a receipt or response to his February 28 grievance, and did not require him to include any further information in that written notification. ECF 31-2, at 9.

The state defendants also argue Brier never submitted his February 28 grievance or his "Grievance Notice" to the grievance office, citing to the Grievance Specialist's attestation that she "never received a grievance or any other notice" related to Brier's claims against the state defendants. ECF 40, at 1; ECF 31-1, at 6. Brier attests he submitted his February 28 grievance and subsequent "Grievance Notice" to the grievance office via his mailbag. ECF 37-2, at 4. This creates a genuine dispute over whether Brier in fact submitted his February 28 grievance and subsequent "Grievance Notice" to the grievance office via his mailbag. If Brier *did* submit these two documents to the grievance office via his mailbag, then the Grievance Specialist made Brier's administrative remedies unavailable by failing to respond to these documents. If Brier *did not*, Brier had available remedies he did not exhaust before filing this lawsuit.

Resolving this dispute will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).[2] However, the court will not schedule such a hearing unless the state defendants file a motion requesting it.

### III. Conclusion

The state defendants' motion for summary judgment (ECF 31) is **DENIED**. The state defendants are **CAUTIONED** that, if a *Pavey* hearing is not requested by **February 13, 2026**, the affirmative defense of exhaustion of administrative remedies will be waived.

---

[2] *Pavey* was recently abrogated in part by *Perttu v. Richards*, 650 U.S. 460 (2025), which held that parties are entitled to a jury trial on a PLRA exhaustion issue when the issue is intertwined with the merits of a claim. *Perttu* does not apply here because the exhaustion issue—whether Brier submitted his February 28 grievance and subsequent "Grievance Notice" to the grievance office via his mailbag—is not intertwined with the merits of Brier's claims.

5

SO ORDERED on January 29, 2026.

          s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT